UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CATHLYN JENNINGS-VESSELS, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES LIMITED PARTNERSHIP, <br><br> Defendant. | Case No. 4:19-cv-03863 |

## COMPLAINT

NOW COMES Plaintiff, CATHLYN JENNINGS-VESSELS, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, GC SERVICES LIMITED PARTNERSHIP, as follows:

### NATURE OF THE ACTION

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*; and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

5. CATHLYN JENNINGS-VESSELS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Fontana, California.

1

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. GC SERVICES LIMITED PARTNERSHIP ("Defendant") is a foreign limited partnership with its principal place of business located in Houston, Texas.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 2954.

15. At all times relevant, Plaintiff's numbers ending in 2504 and 7177 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. Plaintiff financed a vehicle purchase through an installment loan (the "Loan").

18. Plaintiff defaulted on the Loan.

19. Plaintiff agreed to voluntarily surrender the vehicle.

20. The vehicle was sold at auction, resulting in a deficiency balance.

21. Plaintiff's Loan is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which is the subject of the transaction are primarily for personal, family, or household purposes.

22. Plaintiff's Loan is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, primarily for personal, family, or household purposes and arising from a transaction.

23. Plaintiff's Loan was referred to Defendant for collection.

24. Ultimately, Plaintiff agreed to repayment arrangements with Defendant.

25. On or around June 20, 2019, Plaintiff contacted Defendant.

26. Plaintiff informed Defendant she was filing bankruptcy.

27. Plaintiff provided contact information for her attorney.

28. Plaintiff informed Defendant she was cancelling repayment arrangements.

29. Plaintiff demanded that Defendant stop calling.

30. Defendant cancelled future automatic withdrawals from Plaintiff's checking account.

31. Unfortunately, Defendant's collection phone calls continued.

32. Each time Plaintiff answered, Plaintiff was met with clear pause and audible clicking sounds prior to being connected to Defendant's representative.

33. On multiple occasions, Plaintiff repeated her request that Defendant stop calling.

34. On multiple occasions, Plaintiff informed Defendant she was represented by an attorney.

35. All in all, Defendant placed (or caused to be placed) no less than 10 *unconsented-to* phone calls to Plaintiff.

36. Defendant's unconsented-to phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

37. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's telephone harassment campaign ceased.

38. Accordingly, Plaintiff needed to expend energy and time consulting with attorneys as direct result of Defendant's unlawful collection activities.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692c

40. Section 1692c provides:

> **(a) COMMUNICATION WITH THE CONSUMER GENERALLY.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

41. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff in spite of being informed that Defendant is represented by an attorney.

### Violation(s) of 15 U.S.C. § 1692d

42. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

43. Defendant violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiff despite Plaintiff's multiple requests that Defendant stop calling.

44. Defendant's behavior of continuously or repeatedly calling Plaintiff was abusive, harassing, and oppressive.

45. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692c(2)(A) and d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. §§ 1692c(2)(A) and d(5);

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

46.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.    Defendant placed or caused to be placed no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone(s), utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

48.    Upon information and belief, based on the prerecorded and or automated messages followed by "clear pause" and "audible clicking sounds" that Plaintiff experienced prior to being

connected to a Defendant's representative, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone(s).

49. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once human interaction is detected.

50. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

51. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

52. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

53. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III:
### Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

54. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann. § 392.302

55. Subsection 392.302(4) of the Texas Finance Code provides:

> [i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:
>
> > (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

56. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by calling Plaintiff on no less than 10 occasions despite Plaintiff's multiple requests that Defendant stop calling.

57. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

> (a) A person may sue for:
>
> > (1) injunctive relief to prevent or restrain a violation of this chapter; and
> >
> > (2) actual damages sustained as a result of a violation of this chapter.
>
> (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 7, 2019                                        Respectfully submitted,

**CATHLYN JENNINGS-VESSELS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com